UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL J. BRADLEY & YVADNE
BRADLEY,

                         Plaintiffs,

     v.

MARKEL SERVICE, INC., *et al.*,

                         Defendants.

No. 22-CV-8928 (KMK)

ORDER OF DISMISSAL

---

Appearances:

Edmond C. Chakmakian, Esq.
Law Offices of Edmond C. Chakmakian, P.C.
Hauppauge, NY
*Counsel for Plaintiffs*

April T. Villaverde, Esq.
Matthew C. Ferlazzo, Esq.
Hinshaw & Culbertson LLP
Edison, NJ & New York, NY
*Counsel for Defendants Markel Service, Inc., Evanston Insurance Co., and Essex Insurance Co.*

KENNETH M. KARAS, United States District Judge:

      On September 22, 2023, the Court granted Defendants' Motion To Dismiss.  (*See* Op. & Order (Dkt. No. 32).)  The Court dismissed Plaintiffs' claims without prejudice and gave Plaintiffs 30 days to file an amended complaint addressing the deficiencies identified in the Opinion & Order, warning Plaintiffs that failure to abide by the 30-day deadline would result in dismissal of the Action with prejudice.  (*See id.* at 14.)  However, Plaintiffs did not file an amended complaint.  (*See generally* Dkt.)  Thus, on October 30, 2023, the Court issued an Order to Show Cause directing Plaintiffs to "show cause, by no later than November 13, 2023, as to why this case should not be dismissed for failure to prosecute" and again warned that it "may

dismiss this case with prejudice without further notice in the event that good cause is not

shown." (Order to Show Cause 1 (Dkt. No. 33).) To date, Plaintiffs have failed to respond to

that Order. (*See generally* Dkt.)

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ.

P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be

involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court

order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to

dismiss for failure to prosecute, it has long been recognized that a district court has the inherent

authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*,

239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

Although dismissal under Rule 41(b) is subject to the sound discretion of the district

courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the

Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in

extreme situations," *LeSane*, 239 F.3d at 209 (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d

853, 855 (2d Cir. 1972)); *accord Mayanduenas v. Bigelow*, 849 F. App'x 308, 310 (2d Cir. 2021)

(summary order) (citing *Lewis v. Rawson*, 564 F.3d 569, 575–76 (2d Cir. 2009))..

Before exercising its discretionary authority to dismiss for failure to prosecute, a district

court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice
> that further delays would result in dismissal, [3] whether the defendant is likely to
> be prejudiced by further delay, [4] whether the district judge has take[n] care to
> strik[e] the balance between alleviating court calendar congestion and protecting a
> party's right to due process and a fair chance to be heard . . . and [5] whether the
> judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16,

2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209); *accord Baptiste v. Sommers*,

768 F.3d 212, 216 (2d Cir. 2014) (per curiam).  No single factor is dispositive.  *See Baptiste*, 768 F.3d at 216; *LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiffs were offered the opportunity to file an amended complaint nearly two months ago, and were warned that failure to file an amended complaint within 30 days would result in dismissal of this Action with prejudice.  (*See* Op. & Order 14.)  Plaintiffs have not filed an amended complaint.  (*See generally* Dkt.)  In addition, Plaintiffs were given an additional two weeks after they missed that filing deadline—from October 30, 2023 to November 13, 2023—to show cause as to why this case should not be dismissed for failure to prosecute, (*see* Order to Show Cause 1), but they have still failed to contact the Court, (*see generally* Dkt.).  Indeed, Plaintiffs have not communicated with the Court since February 28, 2023 (over eight months ago), when they responded to Defendants' Motion To Dismiss.  (*See, e.g.*, Pl's Mem. of Law in Opp'n to Mot. To Dismiss (Dkt. No. 29).)

Moreover, the Court finds that no sanction less than dismissal will alleviate the ongoing prejudice to Defendants of continuing to keep this Action open.  *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam) ("[I]n light of [the plaintiff's] failure to respond to the notice threatening dismissal, it is . . . unclear that a 'lesser sanction' would have proved effective in this case.").  In addition, the Court emphasizes that it needs to avoid calendar congestion and, more importantly, to ensure an orderly and expeditious disposition of *all* cases before it.  Thus, particularly in light of the fact that Plaintiffs are represented by counsel, (*see* Dkt. No. 10), and received multiple warnings that the Court may dismiss this Action with prejudice, (*see* Op. & Order 14; Order to Show Cause 1), dismissal is appropriate here.

3

Accordingly, this Action is dismissed with prejudice for failure to prosecute. *See Turk v. Rubbermaid Inc.*, No. 21-CV-270, 2022 WL 1228196, at *1 (S.D.N.Y. Apr. 26, 2022) (dismissing case where the court had provided the plaintiffs with 30 days to file an amended complaint, but the plaintiffs failed to do so); *Herring v. Kiszke*, No. 20-CV-8765, 2021 WL 3887614, at *1 (S.D.N.Y. Aug. 31, 2021) (dismissing case for failure to prosecute where "[the] [p]laintiff . . . failed to comply with [the court's orders] and ha[d] not communicated with the [c]ourt" in four months); *Blum v. Discover Bank*, No. 20-CV-199, 2021 WL 1964295, at *2 (S.D.N.Y. May 17, 2021) (dismissing case where the plaintiffs "ha[d] made no filings for nearly eight months" and failed to respond to the court's order to show cause within 30 days).

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:   November 14, 2023
         White Plains, New York

_____
        KENNETH M. KARAS
        United States District Judge